UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

R OBERT D AVIS,

        Plaintiff,

v.

P ROFESSIONAL R EPRESENTATIVES
O RGANIZATION, AND M ICHIGAN
AFSCME C OUNCIL 25 AFL-CIO,

        Defendant.

                                /

Case No. 15-10767

S ENIOR U.S. D ISTRICT J UDGE
A RTHUR J. T ARNOW

U.S. M AGISTRATE J UDGE
R. S TEVEN W HALEN

**O RDER G RANTING IN P ART AND D ENYING IN P ART P LAINTIFF'S M OTION FOR
L EAVE TO F ILE F IRST A MENDED C OMPLAINT [28]**

Before the Court is Plaintiff's Motion for Leave to File First Amended Complaint [28]. Defendant Professional Representatives Organization [PRO Union] filed a Response to the Motion on June 2, 2015 [29] and Defendant Michigan AFSCME Council 25 filed a Response on June 3, 2015 [30]. Plaintiff filed a reply on June 9, 2015 [31]. For the reasons outlined below, the Order is **GRANTED IN PART**, granting Plaintiff leave to plead more specific facts in support of Plaintiff's claims against Defendants. The Motion is also **DENIED IN**

1

**PART**, denying Plaintiff's request to enter a declaratory judgment declaring that the prohibition set forth under 29 U.S.C. § 504(a) was not applicable to Plaintiff Davis on September 18, 2015, the date he was terminated by the Defendant AFSCME, as well as denying Plaintiff leave to amend his Complaint to include state law tort claims of fraudulent misrepresentation and silent fraud against the Defendant Pro Union.

## ANALYSIS

Plaintiff seeks leave to amend his complaint to include: additional facts in support of his hybrid §301 claims; a request for a declaratory judgment holding that the prohibition imposed by 29 U.S.C. §504(a) against employing Plaintiff was not applicable on the date he was terminated by Defendant AFSCME; and state-law tort claims of fraudulent misrepresentation and "silent" fraud against Defendant PRO Union. Fed. R. Civ. Pro. 12(a)(2) provides that, when a Motion to Amend is filed more than 21 days after the Complaint is served, the Court may grant the Motion "when justice so requires." While motions to amend are frequently granted, they can be denied for a declared reason including:

> undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.

*Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L. Ed. 2d 222 (1962).

This Court denies Plaintiff leave to amend his complaint to include a request for declaratory judgment on 29 U.S.C. §504. This issue is briefed in pending dispositive motions and will be resolved after the hearing on these motions. Therefore this amendment would be futile as it is already part of his hybrid §301 action and, as such, has been adequately briefed.

In the interests of justice, the Court grants Plaintiff leave to amend his complaint to include additional facts in support of his hybrid §301 claims.

Plaintiff seeks to add the state-law claims of fraudulent misrepresentation and silent fraud to his complaint. Defendants argue that the Court should not grant leave to amend the Complaint to include the state claims because these claims are preempted under Section 301 of the Labor Management and Relations Act, and thus would be dismissed as a matter of law.

Section 301(a) states that Federal District Courts have plenary jurisdiction over "suits for violation of contracts between an employer and a labor organization representing employees." 29. U.S.C. § 185(a). This preemptive force covers "state law claims that are 'substantially dependent on analysis of a collective bargaining agreement,' but it does not reach claims that only 'tangentially involved CBA provisions.'" *Alongi v. Ford Motor Co.*, 386 F.3d 716, 724 (6th Cir. 2004), quoting *Fox v. Parker Hannifin Corp.,* 914 F.2d 795, 799–800 (6th Cir.1990). The Sixth

3

Circuit has adopted a two-part test to determine whether claims are preempted under Section 301.

> First, the district court must examine whether proof of the state law claim requires interpretation of collective bargaining agreement terms. Second, the court must ascertain whether the right claimed by the plaintiff is created by the collective bargaining agreement or by state law. If the right both is borne of state law and does not invoke contract interpretation, then there is no preemption. However, if neither or only one criterion is satisfied, section 301 preemption is warranted

*DeCoe v. Gen. Motors Corp.*, 32 F.3d 212, 216 (6th Cir. 1994) (citations omitted).

When considering whether a claim is preempted, the Court looks to the elements of the claim to determine if the terms of the CBA must be interpreted to decide the claim. *CNH Am. LLC v. Int'l Union, United Auto., Aerospace & Agr. Implement Workers of Am. (UAW),* 645 F.3d 785, 791 (6th Cir. 2011). The allegations of fraud that Plaintiff is seeking to add to his Complaint pertain to two statements made by Pro Union that allegedly are fraudulent misrepresentation: (1) that Pro Union desired to expedite Plaintiff's termination grievance to arbitration, and (2) that Plaintiff's appeal would be taken to the full membership for a vote. Also, Plaintiff is seeking to add a claim of silent fraud against Pro Union for failing to inform Plaintiff that his appeal was not brought before the full membership of the Union for a vote, and that members of the Union had ulterior motives by unilaterally withdrawing his termination grievance.

4

These allegations do not require any interpretation of the CBA agreement, but rather require only a determination of whether, *inter alia*, these statements were made; if they were false; and if Plaintiff acted in reliance to his detriment on these statements. *See e.g. Alongi v. Ford Motor Co.*, 386 F.3d 716, 726 (6th Cir. 2004) (holding claims of fraudulent misrepresentation are not preempted by Section 301); *CNH Am. LLC v. Int'l Union, United Auto., Aerospace & Agr. Implement Workers of Am. (UAW)*, 645 F.3d 785, 790 (6th Cir. 2011) (holding same); *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987) (holding same). Similarly, the silent fraud claim requires Plaintiff to show that there was a non-disclosure and that Defendants had a duty to disclose that information that caused Plaintiff harm. *MacDonald v. Thomas M. Cooley Law Sch.*, 724 F.3d 654, 665-66 (6th Cir. 2013). As plead in his amended complaint, Plaintiff relies on the Constitution of the Union to impute the legal duty to disclose and not the CBA. [28-1 at 143].

Because the state-law claims are not preempted, if this Court were to allow Plaintiff to amend his complaint to include them, the Court would have to exercise supplemental jurisdiction over these claims. The Court denies Plaintiff's request to amend the Complaint to include the state-law tort claims because it would be futile

5

since this Court will decline to exercise supplemental jurisdiction to the state claims Plaintiff seeks to add to his Complaint.

A District Court can refuse to exercise supplemental jurisdiction over a state claim if "the claim substantially predominates over the claim or claims over which the district court has original jurisdiction." 28 U.S.C.A. § 1367(c)(2). Under this exception, the Court may decline to exercise supplemental jurisdiction over state claims that would "either require elements of proof distinct from the federal claim, or cause a substantial expansion of the suit beyond that necessary and relevant to the federal claim." *Burch v. Medilodge of Port Huron, LLC,* No. 12–CV–13454, 2013 WL 1499344, at *1 (E.D.Mich. Apr.11, 2013).

The state claims Plaintiff is seeking to add require elements of proof distinctive from the Federal claims, which supports denial of supplemental jurisdiction. The Federal claims are a hybrid §301 action, which require a Plaintiff to show that the employer breached the terms of the CBA, and the union breached its duty of fair representation. *Garrison v. Cassens Transp. Co.*, 334 F.3d 528, 538 (6th Cir. 2003). In contrast, to prevail on a claim of fraudulent misrepresentation under Michigan law, a Plaintiff must prove that:

> (1) the defendant made a material representation; (2) the representation was false; (3) when the defendant made the representation, it knew that it was false, or made the representation recklessly, without any knowledge of its truth, and as a positive

>assertion; (4) the defendant made the representation with the intention that it should be acted on by the plaintiff; (5) the plaintiff acted in reliance on the representation; and (6) the plaintiff suffered injury due to his reliance on the representation

*MacDonald v. Thomas M. Cooley Law Sch.*, 724 F.3d 654, 662 (6th Cir. 2013), citing *Hord v. Envtl. Research Inst. of Mich.*, 463 Mich. 399, 617 N.W.2d 543, 546 (2000) (per curiam). Claims of silent fraud require Plaintiffs to not only establish a non-disclosure, but also that the Defendant "had a legal duty to make a disclosure." *MacDonald v. Thomas M. Cooley Law Sch.*, 724 F.3d 654, 665-66 (6th Cir. 2013), citing *Hord v. Envtl. Research Inst. of Mich.*, 463 Mich. 399, 617 N.W.2d 543, 546 (2000) (per curiam) (citations omitted). Moreover, Plaintiff is seeking relief of damages totaling $75,000 for each state law claim. In contrast, Plaintiff's federal claims only entitle him to relief in the amount of back pay and wages from the time period of September 3, 2014 and December 29, 2014. The addition of these state-law claims would thus greatly expand the scope of the case. Because the Court appropriately would decline to exercise supplemental jurisdiction over these state claims, it is appropriate to deny amendment of the complaint to add these claims, because such an amendment would be futile.

Accordingly,

**IT IS ORDERED** that Defendant's Motion for Leave to File First Amended Complaint is **GRANTED IN PART** and **DENIED IN PART.**


Dated: December 23, 2015

s/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge