UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT DAVIS,

        Plaintiff,

v.

PROFESSIONAL REPRESENTATIVES
ORGANIZATION, ET. AT.,

        Defendant.

Case No. 15-10767

SENIOR U.S. DISTRICT JUDGE
ARTHUR J. TARNOW

U.S. MAGISTRATE JUDGE
R. STEVEN WHALEN

_____/

**ORDER:**
**(1) OVERRULING PLAINTIFF'S OBJECTION TO MAGISTRATE JUDGE'S ORDER
[27];
(2) DENYING PLAINTIFF'S MOTION TO PRODUCE ANSWERS TO
INTERROGATORIES AND BRIEF AS MOOT [34];
(3) DENYING PLAINTIFF'S AMENDED MOTION TO PRODUCE CORRECTED
MOTION WITH EXHIBITS ATTACHED [35];
(4) DENYING PLAINTIFF'S MOTION TO STRIKE AFFIDAVIT OF SHERRILL [41];
(5) GRANTING DEFENDENT'S MOTION TO STRIKE PLAINTIFF'S
INTERROGATORIES AND REQUEST FOR ADMISSIONS AND TO QUASH
PLAINTIFF'S SUBPOENA TO PRESIDENT AL GARRETT [48];
(6) DENYING PLAINTIFF'S MOTION TO COMPEL ANSWERS TO
INTERROGATORIES, REQUESTS FOR ADMISSIONS, PRODUCE DOCUMENTS,
AND FOR SANCTIONS AGAINST DEFENDANT AFSCME [58]
(7) DENYING PLAINTIFF'S MOTION TO STRIKE AFSCME MOTION AND
ANSWER [59]**

1

Plaintiff filed objections [27] to the Magistrate Judge's Order [24] granting in part and denying in part Plaintiff's Emergency Motion to Compel on May 11, 2015. On August 17, 2015 Plaintiff filed a Motion to Produce Answers to Interrogatories and Brief [34] and a Corrected Motion to Produce Answers to Interrogatories and Brief [35]. Defendants responded on August 20, 2015 [36]. On November 5, 2015, Plaintiff filed a Motion to Strike Affidavit of Sherrill [41], which Defendants responded to on November 10, 2015 [42; 43]. Plaintiff replied on January 8, 2016 [51]. On January 6, 2016 Defendant AFSCME filed a Motion to Strike Plaintiff's Interrogatories and Requests for Admissions and to Quash Plaintiff's Subpoena [48]. Plaintiff filed a response on January 12, 2016 [52] and Defendant AFSCME replied on January 18, 2016 [55]. Plaintiff filed a Motion to Compel Answers to Interrogatories, Requests and Subpoenaed Documents on January 21, 2016 [58] and also filed a Motion to Strike AFSCME Motion and Answer on January 22, 2016 [59].

For the reasons stated below, Plaintiff's objections [27] are **OVERRULED**. Additionally, the following Motions are **DENIED**: Plaintiff's Motion to Produce [34]; Plaintiff's Amended Motion to Produce [35]; Plaintiff's Motion to Strike Affidavit of Sherrill [41]; Plaintiff's Motion to Compel Answers to Interrogatories,

Requests and Subpoenaed Documents [58]; and Plaintiff's Motion to Strike

AFSCME Motion and Answer [59].

Defendant's Motion to Strike Plaintiff's Interrogatories and Requests for

Admissions and to Quash Plaintiff's Subpoena [48] is **GRANTED**.

## 1. PLAINTIFF'S OBJECTION TO MAGISTRATE JUDGE'S ORDER [27]

### a. STATEMENT OF FACTS

Following a hearing concerning Plaintiff's Emergency Motion to Compel,

the Magistrate Judge granted the request only to the extent that Plaintiff would be

able to take the deposition of Kathie Sherrill, and denied Plaintiff's request to

depose other members of Defendant Pro Union. On the record, the Magistrate

Judge indicated that the issues contained in Defendant Michigan AFSCME

Council 25 (AFL-CIO)'s Motion for Summary Judgment pursuant to F.R.C.P.

12(b)(6) and 56 [16] were largely questions of law, and there was no need for

further discovery until this Motion to Dismiss had been ruled on.

### b. STANDARD OF REVIEW

If a litigant expresses an objection to a magistrate judge's ruling on a

nondispositive pretrial matter, the district court may "modify or set aside any part

of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a).

The "clearly erroneous" standard does not permit a district court to reverse the

magistrate judge's finding simply because the district court would have decided the issue differently. *Anderson v. City of Bessemer*, N.C., 470 U.S. 564, 573 (1985). Rather, a "finding is 'clearly erroneous' when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948).

### c.  ANALYSIS

Plaintiff contends that the Magistrate Judge's order is "clearly erroneous" and "contrary to law" because Defendant AFSCME's pending Motion to dismiss is correctly characterized as a Motion for Summary Judgment under Rule 56 because exhibits are attached that were not referred to in or a part of Plaintiff's verified complaint. Plaintiff thus contends that he has a right to discovery before a Motion for Summary Judgment is decided, and therefore the order was clearly erroneous and contrary to law.

The Court agrees with the Magistrate Judge's Order. The exhibits that Plaintiff complains about being attached to the Motion to Dismiss or alternatively Motion for Summary Judgment are a copy of Defendant AFSCME's work rules and copies of various media articles pertaining to Plaintiff's guilty plea. The Court agrees with Plaintiff that, when considering a Rule 12(b)(6) Motion the Court:

> may consider the Complaint and any exhibits attached thereto, public
> records, items appearing in the record of the case and exhibits
> attached to defendant's motion to dismiss so long as they are referred
> to in the Complaint and are central to the claims contained therein.

*Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

However, this does not exhaust the sources that the Court may consider. When

deciding a Rule 12(b)(6) Motion, the Court may also take judicial notice of public

records or other materials amenable to judicial notice when deciding a Rule

12(b)(6) motion. *New England Health Care Employees Pension Fund v. Ernst &*

*Young, LLP*, 336 F.3d 495, 501 (6th Cir. 2003).

In this case, the media articles are publically available and therefore do not

convert the Motion to Dismiss into a Motion for Summary Judgment. Moreover, in

the second count of his complaint, Plaintiff's alleges that Defendant AFSCME

unlawfully terminated him in violation of the collective bargaining agreement. To

support this allegation, Plaintiff contends that Defendant AFSCME did not have

"just cause" to terminate him. As Defendant AFSCME states in its Motion to

Dismiss, as the Employer, pursuant to the Agreement between Defendant

AFSCME and Defendant PRO, AFSCME, it had the ability to discharge

employees for good cause, and had the authority to manage its offices and

workforce, except where those rights were abridged by the agreement. Thus, when

Plaintiff claims that he was not fired for "good cause," and refers to the agreement

between AFSCME and PRO to support that assertion, the rules that the employer was empowered to create and did create concerning discharge of employees are central to the claim, and are indirectly referenced in the complaint. Therefore, the Court can also take notice of the work rules when deciding the Motion to Dismiss. In conclusion, the Court overrules the objection [27] and affirms the Magistrate Judge's Order [24].

2. **MOTION TO PRODUCE ANSWERS TO INTERROGATORIES AND BRIEF [34]; [35]**

On August 17, 2015, Plaintiff filed a Motion to Produce Answers to Interrogatories [34] and a Motion to Produce Corrected Motion with Exhibits attached [35]. Defendants responded on August 20, 2015 [36]. As Plaintiff filed a corrected Motion to Produce with the exhibits attached [35], the Motion to Produce Answers [34] is **DENIED as moot**. For the reasons stated below, the Motion to Produce Answers to Interrogatories [35] is also **DENIED**.

Per the Order [24] of the Magistrate Judge, the only discovery that Plaintiff is allowed prior to the determination of the Motion to Dismiss or alternatively Motion for Summary Judgment [16] was the deposition of Kathie Sherrill, and the deposition of other members of PRO union was denied. The Court agrees with the Defendant that the interrogatories submitted request detailed responses similar to

6

the type of information received from an oral deposition. Because the Magistrate

Judge's Order in effect placed a hold on all discovery other than the deposition of

Kathie Sherrill, therefore, this Motion [35] is **DENIED.**

### 3.  MOTION TO STRIKE AFFIDAVIT OF SHERRILL [41]

On November 5, 2015 Plaintiff filed a Motion to Strike the Affidavit of Ms.

Sherrill [41]. Defendant responded on November 10, 2015 [43] and Plaintiff

replied on January 8, 2016 [51]. For the reasons stated below, this Motion is

**DENIED.**

Plaintiff requests the affidavit of Sherrill be struck because he alleges that

Ms. Sherrill does not have personal knowledge of the statements made in any

meetings that were held in reference to Plaintiff's termination, and any declarations

made by her in the affidavit concerning these meetings are hearsay. The Court

agrees with the Defendant that Ms. Sherrill did not discuss the meetings that

Plaintiff asserts she did not attend. The deposition of Ms. Sherrill that Plaintiff has

provided [49] does not establish that any of the information provided by Ms.

Sherrill in her affidavit was heresay. Plaintiff has not provided any evidence to

establish that Ms. Sherrill's affidavit is not based upon her personal knowledge,

and therefore the Motion to Strike [41] is denied.

**4. MOTION TO STRIKE PLAINTIFF'S INTERROGATORIES AND REQUESTS FOR ADMISSIONS AND TO QUASH PLAINTIFF'S SUBPOENA TO PRESIDENT AL GARRETT [48]**

On January 6, 2016, Defendant AFSCME filed a Motion to Strike Plaintiff's Interrogatories and Requests for Admissions and to Quash Plaintiff's Subpoena to President Al Garrett [48]. Plaintiff filed a response [52] on January 12, 2016 and Defendants filed a reply [55] on January 18, 2016. For the foregoing reasons, the Motion is **GRANTED.**

Federal Rule of Civil Procedure 26(d)(1) states that:

> A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order.

Plaintiff issued his interrogatories and requests for admissions, and the subpoena was received by Defendant, on December 15, 2015. Plaintiff made these discovery requests prior to a Rule 26(f) conference, prior to the creation of a discovery plan, and prior to the Court issuing a scheduling order. Additionally, Defendant's Motion to Dismiss is still pending, and discovery is not warranted when there are dispositive legal issues pending that will not be altered by any further discovery. *Gettings v. Bldg. Laborers Local 310 Fringe Benefits Fund*, 349 F.3d 300, 304 (6th

8

Cir. 2003). Therefore, Plaintiff's interrogatories, requests for admissions, and subpoena are premature and Defendant's Motion is granted.

**5. MOTION TO COMPEL ANSWERS TO INTERROGATORIES, REQUESTS FOR ADMISSIONS, PRODUCE DOCUMENTS, AND FOR SANCTIONS AGAINST DEFENDANT MICHIGAN AFSCME COUNCIL 25 [58]**

On January 21, 2016, Plaintiff filed a Motion to Compel Answers to Interrogatories, Requests and Subpoenaed Documents [58]. For the reasons stated above in Section 4 of this Order, the Court has granted Defendant's request to strike Plaintiff's Interrogatories and Requests for Admissions and quash Plaintiff's Subpoena [55]. Therefore, Plaintiff's Motion is **DENIED as moot.**

**6. MOTION TO STRIKE AFSCME MOTION AND ANSWER [59]**

On January 22, 2016, Plaintiff filed a Motion to Strike AFSCME's Motion and Answer to the Amended Complaint [59]. For the reasons stated below, this Motion is **DENIED.**

Plaintiff states that Defendant's Motion and answer was filed as an effort to "resurrect its now moot Motion to Dismiss and Summary Judgment," and then subsequently argues that Defendant needed to obtain leave from the Court in order to file their second Motion for Summary Judgment under Local Rule 7.1(b)(2).

These statements are contradictory in and of themselves, and the Court rejects Plaintiff's contention that Defendant had to seek leave to file their dispositive motion. When Plaintiff filed the amended complaint, Defendant correctly responded by filing a new dispositive motion. There is no reason for the Court to strike this Motion.

Defendant further argues that the Motion should be stricken pursuant to Fed. R. Civ. P. 12(f) for pleading an insufficient defense. This argument also has no merit. On January 13, 2016, Defendant filed a dispositive motion [54] in response to Plaintiff's amended complaint. This motion plainly states that it relies upon, adopts and resubmits its Motion for Summary Judgment filed with the Court on March 23, 2015 [9]. There is no need to refile all of the documents with the Court in order to meet the standard for responses to pleadings as set by Fed. R. Civ. P. 8(b).

Finally, Plaintiff argues that the Motion should be struck for violating Fed. R. Civ. P. 12(b) given that it includes a Motion for Summary Judgment and a Motion to Dismiss. Motions for Summary Judgment or in the alternative Motion to Dismiss are not uncommon to be found before the Court. In this case, the Motion for Summary Judgment or in the alternative Motion to Dismiss was filed in March 2015 and was addressed in a hearing before the Magistrate Judge. The Magistrate considered that the main issues to be decided were issues of law, not fact, and

therefore did not allow discovery to go forth before the Motion to Dismiss was

decided. This Court, in this Order, reaffirmed this Order and overruled any

objections that Plaintiff had concerning the labeling of this Motion as a valid

Motion to Dismiss in the alternative (See Section 1 above).

Accordingly, Plaintiff's Motion to Strike AFSCME Motion and Answer is

**DENIED.**

In conclusion,

**IT IS ORDERED** that Plaintiff's objection to magistrate judge's order [27] is

**OVERRULED**;

**IT IS FURTHER ORDERED THAT** Plaintiff's Motion to Produce Answers

to interrogatories and brief [34] is **DENIED as moot**;

**IT IS FURTHER ORDERED THAT** Plaintiff's Amended Motion to Produce

[35] is **DENIED**;

**IT IS FURTHER ORDERED THAT** Plaintiff's motion to Strike affidavit of

Sherrill [41] is **DENIED**;

**IT IS FURTHER ORDERED THAT** Defendant's Motion to strike plaintiff's

interrogatories and request for admissions and to quash plaintiff's subpoena to [48]

is **GRANTED**;

**IT IS FURTHER ORDERED THAT** Plaintiff's Motion to Compel answers to interrogatories, requests for admissions, produce documents, and for sanctions against defendant AFSCME [58] is **DENIED.**

**IT IS FURTHER ORDERED THAT** Plaintiff's Motion to Strike AFSCME's Motion and Answer [59] is **DENIED.**

s/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge

Dated: January 26, 2016