UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT DAVIS,

        Plaintiff,

v.

PROFESSIONAL REPRESENTATIVES
ORGANIZATION, ET. AL.,

        Defendant.

_____/

Case No. 15-10767

SENIOR U.S. DISTRICT JUDGE
ARTHUR J. TARNOW

U.S. MAGISTRATE JUDGE
R. STEVEN WHALEN

**ORDER DENYING PLAINTIFF'S EMERGENCY MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT [69]; GRANTING PLAINTIFF'S MOTION TO TAKE JUDICIAL NOTICE [62]**

On January 27, 2016, Plaintiff filed a Motion to take Judicial Notice of Department of Labor's Office of Labor-Management Standard's November 30, 2015 letter addressed to Plaintiff [62]. Defendant Michigan AFSCME Council 25 AFL-CIO (AFSCME) responded on February 10, 2016 [65] and Plaintiff replied on February 18, 2016 [67]. On February 21, 2016, Plaintiff filed an Emergency Motion for Leave to File Second Amended Complaint [69]. Defendants AFSCME and Professional Representatives Org. responded on February 23, 2016 [71]; [70]. For the reasons stated below, Plaintiff's Emergency Motion for Leave to File Second Amended Complaint [69] is **DENIED** and Plaintiff's Motion to Take Judicial Notice [62] is **GRANTED.**

1

Fed. R. Civ. Pro. 12(a)(2) provides that, when a Motion to Amend is filed more than 21 days after the Complaint is served, the Court may grant the Motion "when justice so requires." While motions to amend are frequently granted, they can be denied for a declared reason including:

> undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.

*Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L. Ed. 2d 222 (1962).

Plaintiff is seeking to amend his complaint to assert a different legal theory, amend the request for damages, and add an additional count to his First Amended Complaint based on a letter received from the Department of Labor concerning his prohibition under 29 U.S.C. § 504(a). Plaintiff states that the letter "makes it clear that Plaintiff Davis was eligible to be employed by Defendant AFSCME….until July 1, 2016" and thus requires that he amend his complaint to reflect this new information in additional legal claims and request for damages. However, the letter plainly does not support Plaintiff's interpretation and does not necessitate any amendment of his complaint.

The letter states that, due to his conviction, Plaintiff:

> may not serve or be permitted to serve in any of the positions or capacities listed above until 13 years after the conviction, *or* until 13

2

> years after the end of any imprisonment resulting from the conviction, whichever is the later date.

(emphasis added) [69-2]. The letter concludes that the applicable bar time of Plaintiff under § 504(a) is 13 years from the date that he is released from incarceration, given that this date is later than the either the dates that Plaintiff was sentenced and convicted, and under the §504(a) the latest date is used to compute the end of the bar period. *Id*. This letter concerns the *duration* of Plaintiff's bar period and the computation of that date and does not address the start of the ban or whether Defendant would be required to maintain Plaintiff's employment at any time prior to the start of the date of computation of the bar.

This letter has no impact on the legal claims and legal questions at issue in this case and the interpretation of the letter that Plaintiff relies on for his Motion to Amend is not tenable to support his new legal theories and claims. Therefore, this amendment would be futile and this Motion is denied.

Plaintiff also requests that the Court take judicial notice of the Department of Labor's Office of Labor-Management Standard's November 30, 2015 letter addressed to the Plaintiff [62] under Rule 201 of the Federal Rules of Evidence. Rule 201 states that "[t]he court may take judicial notice at any stage of the proceeding." Additionally, the Court "must take judicial notice if a party requests it and the court is supplied with" information to show that the evidence is either

"generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."

The letter from the Department of Labor is a clarification of a previous letter from the Department of Labor concerning Plaintiff's employment bar under 29 U.S.C. §504(a) which was provided to the Court as part of Plaintiff's criminal case and meets the requirements of Rule 201. The Court grants this Motion and will take judicial notice of the letter from the Department of Labor written on November 30, 2015. Accordingly,

**IT IS ORDERED** that Plaintiff's Emergency Motion for Leave to File Second Amended Complaint [69] is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion to take Judicial Notice [62] is **GRANTED.**

**SO ORDERED**.

                                                    s/Arthur J. Tarnow
                                                    Arthur J. Tarnow
Dated: March 16, 2016             Senior United States District Judge