UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT DAVIS,

        Plaintiff,

v.

PROFESSIONAL REPRESENTATIVES
ORGANIZATION, ET. AL.,

        Defendant.

_____/

Case No. 15-10767

SENIOR U.S. DISTRICT JUDGE
ARTHUR J. TARNOW

U.S. MAGISTRATE JUDGE
R. STEVEN WHALEN

**OPINION AND ORDER GRANTING DEFENDANT'S SECOND MOTION FOR SUMMARY JUDGMENT PURSUANT TO F.R.C.P. 12(B)(6) AND 56 [54]; DENYING AS MOOT DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT [9; 16; 53]; DENYING AS MOOT PLAINTIFF'S MOTION TO AMEND/CORRECT SUPPLEMENTAL BRIEF [57]**

Plaintiff Robert Davis filed suit against his employer Defendants AFSCME Council 25 (AFSCME) and his union Professional Representatives Org. (PRO Union) on March 2, 2015. Defendant PRO Union filed a Motion for Summary Judgment [9] on March 23, 2015 [9], Plaintiff responded on April 10, 2015 [18] and PRO Union replied on April 22, 2015 [22]. Defendant AFSCME filed a Motion for Summary Judgment and in the Alternative a Motion to Dismiss on April 1, 2015 [16]. Plaintiff responded on April 20, 2015 [20] and AFSCME replied on May 4, 2015 [26].

1

Plaintiff filed an amended complaint, adding additional facts, on December 31, 2015 [47]. Defendant AFSCME filed a Second Motion for Summary Judgment [54] on January 13, 2016. Plaintiff responded on January 27, 2016 [63] and AFSCME replied on February 10, 2016 [64]. Defendant PRO Union answered the amended complaint on January 13, 2016 [53]. Additionally, Plaintiff filed a Motion to Amend/Correct Supplemental Brief on January 21, 2016 [57].

The Court finds the motion suitable for determination without a hearing, in accord with Local Rule 7.1(f)(2), with respect to all of Plaintiff's claims.  For the reasons stated below, Defendant ASFCME's Motion to Dismiss [54] is **GRANTED** as to all claims, and Plaintiff's complaint is **DISMISSED** in its entirety for failure to state a claim against both Defendants.  Defendant PRO Union's pending Motions for Summary Judgment [9; 53] and Defendant ASFCME's Motion for Summary Judgment and Motion to Dismiss the original complaint [16] are **DENIED as moot.** Additionally, Plaintiff's Motion to Amend/Correct Supplemental Brief [57] is **DENIED as moot.**

## FACTUAL BACKGROUND

Plaintiff was employed by Defendant ASFCME as a staff representative. ASFCME is a labor union covered by the Labor Management Reporting and

2

Disclosure Act (LMRDA) 29 U.S.C. §504. Plaintiff worked under a union bargaining agreement, signed by AFSCME and his union.

On September 2, 2014, Plaintiff signed a plea agreement in which he admitted guilt to unlawful conversion of program funds and the filing of a false income tax return when he was an elected member of the Highland Park Board of Education. Per this plea agreement, Plaintiff was only allowed to withdraw his guilty plea if the Court imposed a sentence higher than the maximum allowed under the plea agreement, and Plaintiff also waived his right to appeal. On December 18, 2014, Plaintiff was sentenced to serve 18 months in a minimum security camp, and on December 29, 2014, a criminal judgment was signed and entered against Plaintiff.

About two weeks prior to signing his plea agreement, Plaintiff and his criminal defense attorney met with President of AFSCME Garrett and AFSCME's legal counsel Richard Mack, to discuss the implications that signing a plea agreement would have on Plaintiff. At this meeting, Plaintiff was informed that it was the position of President Garrett that federal law 29 U.S.C. § 504 prohibited AFSCME from continuing to employ Plaintiff if he accepted the plea deal. Plaintiff was informed that it was the position of AFSCME that the term "convicted" in the statute would be deemed fulfilled upon entry of a guilty plea in open court.

3

After learning that Plaintiff had signed the plea agreement, and had pled guilty to criminal conversion in open court, AFSCME sent written notice to Davis and his union representative Robyn Price on September 3, 2014, summoning Plaintiff to a meeting for the purpose of discussing his possible termination. Following the meeting, Plaintiff was immediately removed from his duties without pay and a disciplinary hearing was scheduled. At the disciplinary hearing on September 18, 2014, it was expressed that Plaintiff's termination grievance should be expedited on an emergency basis to consider Plaintiff's complaint regarding the application of 29 U.S.C. §504. At the conclusion of the hearing, Plaintiff was terminated from his position for reasons related to his federal indictment.

Immediately following the hearing, Plaintiff filed a grievance with AFSCME challenging his suspension without pay and termination. On September 24, 2014, Plaintiff's request for arbitration of his termination grievance was denied in writing based on 29 U.S.C. § 504, which the Defendant PRO Union's GARB Committee interpreted to require his termination. Plaintiff appealed this denial in a written appeal on October 8, 2014. On October 23, 2014, the Executive Board of Defendant PRO Union informed Plaintiff in writing that they would not reverse the decision of Defendant PRO Union's GARB Committee. On that same day, Plaintiff informed Defendant PRO Union that he intended to appeal this decision to

4

the full membership of PRO Union. Plaintiff never received a full vote on this issue.

On December 5, 2014, PRO Union filed a demand with the American Arbitration Association for arbitration of Plaintiff's discharge grievance. On February 18, 2015, Plaintiff was informed that PRO Union had withdrawn the arbitration request following Plaintiff's sentencing. Plaintiff appealed this decision, but the PRO Union Executive Board denied this request, stating that Plaintiff's "incarceration, by itself, would justify discharge and it is highly unlikely that an arbitrator would direct reinstatement."

## 1. AFSCME'S MOTION TO DISMISS [54]

### LEGAL STANDARD

Defendant AFSCME moves to dismiss Plaintiffs' claims pursuant to Federal Rule of Civil Procedure 12(b)(6).  On a Rule 12(b)(6) motion to dismiss, the Court must "assume the veracity of [the plaintiff's] well-pleaded factual allegations and determine whether the plaintiff is entitled to legal relief as a matter of law." *McCormick v. Miami Univ.*, 693 F.3d 654, 658 (6th Cir. 2012) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993)).

## ANALYSIS

Following a hearing concerning Plaintiff's Emergency Motion to Compel, the Magistrate Judge granted the request only to the extent that Plaintiff would be able to take the deposition of Kathie Sherrill, and denied Plaintiff's request to depose other members of Defendant Pro Union. On the record, the Magistrate Judge indicated that the issues contained in Defendant Michigan AFSCME Council 25 (AFL-CIO)'s Motion for Summary Judgment pursuant to F.R.C.P. 12(b)(6) and 56 [16] were largely questions of law, and there was no need for further discovery until this Motion to Dismiss had been ruled on.

Plaintiff brings a hybrid action under section 301 of the National Labor Relations Act against his employer, AFSCME, and his union, Professional Representatives Org. (PRO Union), claiming that PRO Union violated its duty of fair representation and that AFSCME violated its collective bargaining agreement (CBA) by unlawfully and wrongly terminated Plaintiff. To prevail on a hybrid §301 action, a Plaintiff "must show both a breach of the collective bargaining agreement *and* a breach of the duty of fair representation." *Garrison v. Cassens Transp. Co.*, 334 F. 3d 528, 538 (6th Cir. 2003) cert den. 540 U.S. 1179 (2004).

Plaintiff alleges that AFSCME violated its CBA and Michigan law by unlawfully and wrongfully terminating him pursuant to 29 U.S.C. § 504 before he

6

was actually convicted as defined by the statute.  29 U.S.C. § 504 details when a

person will be prohibited from holding certain positions in any labor organization.

This section states, *inter alia*, that any person "who has been convicted of, or

served any part of a prison term resulting from his *conviction* of, [*inter alia*]

robbery, bribery, extortion, embezzlement, grand larceny" is prohibited from being

hired, retained, employed or otherwise serve in any capacity:

> that involves decisionmaking authority concerning, or decisionmaking authority over, or custody of, or control of the moneys, funds, assets, or property of any labor organization, during or for the period of thirteen years after such conviction or after the end of such imprisonment, whichever is later.

*Id*. For his claim of wrongful termination, Plaintiff relies on a strictly interpreted

definition of "conviction" taken from the statute. §504(c)(1) provides that "[a]

person shall be deemed to have been 'convicted' and under the disability of

'conviction' from the date of judgment of the trial court, regardless of whether the

judgment remains under appeal."

Plaintiff fails to direct the court's attention to any legal authority supporting

this narrow interpretation of the statutory language. Indeed, this narrow, strictly

textual interpretation runs counter to the interpretation of §504 by courts in light of

the legislative history and public policy rationale that drove the passage of §504. In

considering the purpose of the Act, Courts have found that, when passing §504:

7

Congress' primary purpose for adopting the Landrum-Griffin Act, as evidenced by the legislative history, was to eliminate the intolerable and corrupt conditions which prevailed throughout segments of organized labor during the 1950's. Congressional investigations established that some unions, having fallen under the dictatorial control of criminals and racketeers, were no longer responsive to the demands of their membership. To curb the abuses which gave rise to these conditions and to promote internal union democracy, Congress directed unions to conduct elections in accordance with procedures which are fundamental to a democratic electoral process (Title IV). Realizing, however, that a democratic election would not, in itself, eliminate dishonest officials, the legislators provided safeguards which they believed would prevent irresponsible and unscrupulous persons from gaining control of union government (Title V). To this extent the protagonists in Congress, throughout the entire legislative history, accepted language preventing persons convicted of certain crimes from holding office.

*Illario v. Frawley*, 426 F. Supp. 1132, 1136-37 (D.N.J. 1977) (*quoting Hodgson v. Chain Service Restaurant, L. & S. F. Emp. I.*, Local 11, 355 F.Supp. 180, 183 (S.D.N.Y.1973)). Given this historical purpose and intent, "Courts have unanimously held that §504 must be given broad application in light of the Congressional intent to purge the labor movement of its criminal element" and have "uniformly held §504(a) to be a remedial statute which should be liberally construed" and when interpreting the statute, they "have refused to put form ahead of substance." *Id* at 1137.

In giving this statute broad interpretation, Courts have held that a person is "convicted," and thus subject to the prohibition on union employment even when

formal judgment/conviction was never entered, and that the statutory term of "conviction" is met once *guilt* is *determined*, even in the absence of an entry/adjudication of a formal judgment. *See Harmon v. Teamsters, Chauffeurs & Helpers Local Union 371*, 832 F.2d 976, 979 (7th Cir. 1987) (§504 prohibition of employment held to apply to Plaintiff who pled guilty and received probation sentence but never had a judgment of conviction entered); *Beardsley v. U.S. Dep't of Labor*, 807 F. Supp. 1192 (W.D. Pa. 1992) (holding same).

This broad interpretation by Courts is supported by the agency's interpretation of the statute as well. The United States Department of Labor Office of Labor-Management Standards has stated that, for the purposes of §504, the term "judgment of conviction" "includes a finding or plea of guilty, or an equivalent procedure, such as a plea of no contest to a disqualifying crime described in §504, and a sentence or other punitive disposition of the case by the trial court." [47-2 at 22]. The use of the word "includes" indicates that, for the purposes of §504, there are multiple ways in which the term "judgment of conviction" may be found. The answer lists two different acts, pleas or equivalent procedures, and sentence or other punitive disposition of the case. This text directs that the two ways to qualify as a "judgment of conviction" under the statute are either a plea or a punitive disposition of the case, such as a sentence.

9

While Plaintiff provides a letter from the United States Department of Labor to support a contention that the ban does not commence until sentence is entered, this letter does not make any determination of the issue of what the statutory term of "conviction" means. The letter states that, due to his conviction, Plaintiff:

> may not serve or be permitted to serve in any of the positions or capacities listed above until 13 years after the conviction, *or* until 13 years after the end of any imprisonment resulting from the conviction, whichever is the later date.

(emphasis added) [69-2]. The letter concludes that the applicable ban of Plaintiff under §504(a) is 13 years from the date that he is released from incarceration, since this date is later than the dates that Plaintiff was sentenced and convicted, and under the §504(a), the latest date is used to compute the end of the bar period. *Id*.

This letter concerns the *duration* of Plaintiff's bar period and the computation of that date, and does not address the start of the ban or whether Defendant would be required to continue Plaintiff's employment at any time prior to the start of the date of computation of the bar. In fact, the letter explicitly states that whether the time of sentencing was the date of the hearing, or the date of the judgment, it would have no impact on the duration of the ban. There is no indication that the Department of Labor even considered whether a guilty plea would qualify as a "judgment of conviction" and this letter does not support Plaintiff's narrow reading of the statute.

10

In this case, Plaintiff's guilty plea was an acceptance of guilt, publically declared in court. Per the Supreme Court, a guilty plea is "conclusive" and is itself a "conviction." *Kercheval v. United States*, 274 U.S. 220, 223, 47 S. Ct. 582, 583, 71 L. Ed. 1009 (1927). It would not fit the broad reading afforded this statute and the purpose articulated by Congress to exclude an employee who pled guilty to criminal conversion. Therefore, considering the broad reading to the statute, faithful to its purpose via legislative history, stated agency interpretation, and court precedent, Plaintiff's claims are dismissed for failure to state a claim because Defendants had the right under 29 U.S.C. §504 to terminate Plaintiff following his guilty plea.

Given that Plaintiff's claim of wrongful termination is dismissed, the claim of inadequate representation against Defendant PRO Union must be dismissed as well given that both claims must be proven for a hybrid claim to succeed. *Garrison*, 334 F. 3d at 538 (2003).  Therefore, there is no basis in law for a hybrid claim and all claims against both Defendants are dismissed.

## 2. PLAINTIFF'S MOTION TO AMEND/CORRECT SUPPLEMENTAL BRIEF [57]

Plaintiff filed a Motion to Amend/Correct Supplemental Brief on January 21, 2016 [57]. In this motion, Plaintiff sought to have Defendants' pending dispositive motions addressing his original complaint denied as moot. This opinion and order

11

denies these pending dispositive motions regarding the original complaint as moot.

Therefore, Plaintiff's Motion to Amend/Correct Supplemental Brief [57] is

**DENIED as moot.**

Accordingly,

**IT IS ORDERED** that Defendant AFSCME's Motion for Summary

Judgment or Motion to Dismiss Amended Complaint in the Alternative [54] is

**GRANTED** and all of Plaintiff's claims against Defendant AFSCME and PRO

Union are dismissed.

**IT IS FURTHER ORDERED** that Defendant AFSCME and PRO Unions

Motions for Summary Judgment [9; 16; 53] are **DENIED as moot.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Amend/Correct

Supplemental Brief [57] is **DENIED as moot.**


**SO ORDERED**.


                                    s/Arthur J. Tarnow
                                    Arthur J. Tarnow
Dated: March 16, 2016               Senior United States District Judge