UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT DAVIS,

        Plaintiff,

v.

PROFESSIONAL REPRESENTATIVES
ORGANIZATION, ET. AL.,

        Defendants.

_____/

Case No. 15-10767

SENIOR U.S. DISTRICT JUDGE
ARTHUR J. TARNOW

U.S. MAGISTRATE JUDGE
R. STEVEN WHALEN

**ORDER DENYING MOTION FOR RECONSIDERATION [76]**

On March 28, 2016, Plaintiff filed an Emergency Motion for Reconsideration Pursuant to Local Rule 7.1(h) and to Alter or Amend the Court's Judgment pursuant to Fed. R. Civ. P. 59(e) and for Relief from Judgment Pursuant to Fed. R. Civ. P. 60(b)(2). For the reasons stated below, this Motion is **DENIED**.

**1. STANDARD OF REVIEW**

Local Rule 7.1(h)(3) provides that:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

1

*See Hansmann v. Fid. Invs. Institutional Servs. Co.*, 326 F.3d 760, 767 (6th Cir. 2003) (A motion for reconsideration is granted only "if the movant demonstrates that the district court and the parties have been misled by a palpable defect, and correcting the defect will result in a different disposition of the case"). "A palpable defect is a defect which is obvious, clear, unmistakable, manifest or plain." *Fleck v. Titan Tire Corp.*, 177 F. Supp. 2d 605, 624 (E.D. Mich. 2001) (internal citations and quotations omitted). "The decision whether to grant reconsideration lies largely within the discretion of the court." *Yuba Natural Res., Inc. v. United States*, 904 F.2d 1577, 1583 (Fed. Cir. 1990).

Per Fed. R. Civ. P. Rule 59(e), a movant may file a Motion to alter or amend judgment within 28 days of the entry of the judgment. A Court may grant relief under Rule 59(e) for the following reasons:

> (1) because of an intervening change in the controlling law; (2) because evidence not previously available has become available; (3) to correct a clear error of law; or (4) to prevent manifest injustice."

*Hayes v. Norfolk S. Corp.*, 25 F. App'x 308, 315 (6th Cir.2001).

Fed. R. Civ. P. 60(b) provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

2

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

To prevail on a Rule 60(b)(2) motion, a movant must show that they "exercised due diligence in obtaining the information" and that "the evidence is material and controlling and clearly would have produced a different result if presented before the original judgment." *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 615 (6th Cir.2012).

## 2. ANALYSIS

Plaintiff requests that judgment be reversed based on newly discovered evidence contained in a letter from a Mr. Burg on March 23, 2016 and an error of law concerning Court's interpretation of 29 U.S.C. § 504.

Plaintiff introduces as new evidence an email conversation with Mr. Burg who works at the Office of Labor-Management Standards at the Department of Labor. These email exchanges do not point to new evidence that would lead the Court to reverse the judgment entered on March 16, 2016. The emails inform

3

Plaintiff that his ban begins on the date of his release from imprisonment. This date is used to start the ban merely because, as the letter explicitly states, the ban begins at the date of conviction or the date of after the end of imprisonment, whichever is the later date [76-2]. There is no indication that by choosing the later start date, the other possible start date of the ban, or the time of conviction, becomes meaningless.

    The Court maintains its previous position that there is no indication that this is anything other than a calculation based on duration of the ban. This distinction makes sense since the purpose of the statute is to keep those convicted of certain offenses out of union positions until they are rehabilitated. Considering these aims, it is logical to distinguish the duration of the ban for those convicted and not imprisoned and those who are convicted and subsequently imprisoned, because the time served might equal the time of the ban. It would be antithetical to the purpose of the ban to allow those just released from prison and still under the terms of probation to be able to serve in a union before they have shown outside of prison that they are fully rehabilitated. Additionally, if the Court were to take Plaintiff's position concerning this letter, then those convicted would not be barred from working for the union after convicted but before place in prison or while still in prison, which would be completely illogical. Therefore, the Court maintains its

previous position concerning the ban, and maintains that Defendant could terminate Plaintiff legally under § 504 at the time of the plea, which the Court interprets to be time of conviction, rather than only once Plaintiff was released from prison.

Additionally, the Court is not bound to give the evidence presented *Chevron* deference as Plaintiff argues. *Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984). The emails between Plaintiff and a District Director for the U.S. Department of Labor do not purport to be "official" agency determinations. According to the Supreme Court:

> administrative implementation of a particular statutory provision qualifies for Chevron deference when it appears that Congress delegated authority to the agency generally to make rules carrying the force of law, and that the agency interpretation claiming deference was promulgated in the exercise of that authority.

*United States v. Mead Corp.*, 533 U.S. 218, 226-27 (2001). The evidence offered by Plaintiff are merely emails without any indication of procedure or formality indicative of rule-making, or a similar process that would afford it such *Chevron* deference. Under the ruling of *Mead*, the emails that Plaintiff presents are not entitled to *Chevron* deference but are instead due consideration under the standard stated in *Skidmore v. Swift & Co.*, 323 U.S. 134 (1944). *Id* at 227.

When considering an agency's interpretation under *Skidmore*:

> The weight [accorded to an administrative] judgment in a particular case will depend upon the thoroughness evident in its consideration, the validity of its reasoning, its consistency with earlier and later pronouncements, and all those factors which give it power to persuade, if lacking power to control."

*United States v. Mead Corp.*, 533 U.S. 218, 228, 121 S. Ct. 2164, 2172, 150 L. Ed. 2d 292 (2001) (citing *Skidmore* at 140). Under *Skidmore*, the Court finds that the position in the email that "conviction" in the statute is the date someone is sentenced not persuasive. There is no thoroughness evident in the emails; there is no reasoning presented, or agency authority cited, in the email for the proposition advanced by Mr. Burg to support the validity of his reasoning. Additionally, this statement is contradictive of the information provided on the agency's website, still current today, which states that for the purposes of §504, the term "judgment of conviction" "includes a finding or plea of guilty, or an equivalent procedure, such as a plea of no contest to a disqualifying crime described in §504, and a sentence or other punitive disposition of the case by the trial court."

Because the Court finds the Plaintiff 's position that emails presented are new evidence unpersuasive, the Court declines to adopt the position offered in the letters. The new evidence is not enough to persuade the Court to afford the § 504 a narrower interpretation than any Court has ever given it. Across the country, Courts have consistently given the statute the same broad interpretation advanced

in the Order Granting Defendant's Motion to Dismiss [74] and have not been overturned on appeal. Plaintiff argues that the Court has made a mistake of law in its interpretation of § 504, and yet there is no new argument presented as to why the Court has made a legal error. Plaintiff cannot offer a single case to advance his argument for a narrow reading of the statute. Therefore, the Court concludes that no error of law has been made in its interpretation of § 504, and declines to reverse its prior decision based on unpersuasive new evidence and identical legal arguments that Plaintiff has already advanced. Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Reconsideration [76] is **DENIED.**

**SO ORDERED**.

Dated: April 5, 2016

s/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge