UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT DAVIS,

    Plaintiff,

v.

PROFESSIONAL REPRESENTATIVES
ORGANIZATION, ET. AL.,

    Defendant.

_____/

Case No. 15-10767

SENIOR U.S. DISTRICT JUDGE
ARTHUR J. TARNOW

U.S. MAGISTRATE JUDGE
R. STEVEN WHALEN

**ORDER DENYING MOTION FOR SANCTIONS [77]**

Defendants filed a Motion for Sanctions [77] on March 30, 3016. Plaintiff filed a response on April 10, 2016 [79] and Defendants replied on April 21, 2016 [85]. For the reasons stated below, this motion is **DENIED.**

**STANDARD OF REVIEW**

Per Rule 11(b), when a motion is filed, a party or counsel represents to the court that:

> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

1

> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

*Oakstone Cmty. Sch. v. Williams*, 615 F. App'x 284, 288 (6th Cir. 2015). Under Fed. R. Civ. P. 11(c), the Court has the power to impose sanctions if it determines that Fed. R. Civ. P. 11(b) has been violated. When deciding whether Rule 11(b) was been violated, the focus is narrow and the Court is only concerned with whether "the attorney believes on the basis of reasonable inquiry that there is a reasonable basis in law and fact for the position taken and that the paper is not filed for an improper purpose." *Id*, quoting *Jackson v. Law Firm of O'Hara, Ruberg, Osborne and Taylor*, 875 F.2d 1224, 1229 (6th Cir.1989). When deciding whether or not to impose sanctions, the Court implements a standard of objective reasonableness. *Montell v. Diversified Clinical Servs., Inc.*, 757 F.3d 497, 510 (6th Cir.2014).

Further, Defendant asserts that under 28 U.S.C. § 1927, Mr. Davis and his attorney are both liable for Defendant's fees, as the statute states that:

> [a]ny attorney…who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C.A. § 1927. Under this section, sanctions are appropriate when "an attorney objectively 'falls short of the obligations owed by a member of the bar to the court and which, as a result, causes additional expense to the opposing party.'" *Oakstone Cmty. Sch*, 615 F. App'x at 289 (citation omitted). To incur sanctions, something more than negligence or incompetence must be shown; thus an attorney's conduct can be sanctioned when it is shown that they "intentionally abuse[d] the judicial process or knowingly disregard[ed] the risk that [their] actions will needlessly multiply proceedings." *Id.*

## ANALYSIS

In their motion, Defendants argue that Plaintiff's complaint as well as the subsequent filings in this Court lacked any legal basis and were an exercise in frivolous motion practice.

As to the claims brought by Plaintiff, while it is correct that there was an absence of legal authority to support their interpretation of "conviction" under 29 U.S.C. § 504, Plaintiff is also correct in stating there was no binding Sixth Circuit authority that compelled this Court to decide in favor of the Defendants. Therefore, the arguments that Plaintiff presented was not frivolous, but were rather based on statutory interpretation arguments rather than legal precedent, which was not

inappropriate because of the absence of binding legal precedent on the interpretation of "conviction" in 29 U.S.C. § 504.

Additionally, while Defendants point out that they were not prohibited from terminating Plaintiff for good cause following his guilty plea, the Court declines to find this as a ground for sanctions since the decision was based on the arguments presented in the Motion to Dismiss concerning the meaning of "conviction" under 29 U.S.C. § 504 rather than the Summary Judgment arguments surrounding the good cause for Plaintiff's termination. Therefore, the Court declines to impose sanctions on an issue of fact when the case was dismissed before discovery actually took place.

Finally, while Defendants are correct that Plaintiff did file an abundant number of motions throughout the case, the Court declines to find them frivolous and applicable for sanctions. The basis underlying all of Plaintiff's motions were not unreasonable, and conduct worse than negligence or incompetence cannot be shown in their substance. The mere fact that Plaintiff filed numerous motions is not relevant if it cannot be shown that these filings themselves fail to meet an objective standard of reasonableness. Defendants have not shown any intentional abuse or knowing disregard on the part of the Plaintiff's counsel.

Accordingly, the Court exercises its discretion in denying Defendants' Motion for Sanctions [77].

**IT IS ORDERED** that Defendants' Motion for Sanctions [77] is **DENIED**.

**SO ORDERED**.

|  |  |
|---|---|
| Dated: May 12, 2016 | s/Arthur J. Tarnow<br>Arthur J. Tarnow<br>Senior United States District Judge |